# Ronald Wilcox • Attorney at Law
REPRESENTING INDIVIDUALS IN ALL ASPECTS OF FINANCIAL REORGANIZATION AND BANKRUPTCY

TEL: (408) 296-0400 • FAX: (408) 296-0486

June 14, 2006

<u>*via electronic filing & U.S. Mail*</u>

Magistrate Judge Maria-Elena James
Courtroom B, 15th Floor
United States District Court
450 Golden Gate Avenue,
San Francisco, CA 94102

      Case:    *Rascon, Gilberto Z. v. CheckCare Enterprises d/b/a Checkcare Systems et al.*
                  USDC COURT CASE NO. C06-00256 PJH
      Client:   CheckCare Enterprises dba CheckCare Systems

      Re:     Discovery Dispute

Honorable Marie-Elena James,

      Earlier today Defendant's counsel (John Dooling) filed a Joint Letter with the Court (Docket# 31) which the Plaintiff DID NOT authorize. The letter Plaintiff did authorize is attached, along with the e-mail that was sent to defendant June 13, 2004. The Court will notice my signature printed on the correct letter (dated June 13, 2006). I DID NOT authorize the letter, purportedly dated, June 6, 2006, that bears an "/s/" next to my name (Docket #31).

      I called defendants earlier today to meet and confer on their improper filing. They have not returned my call.

Respectfully,

Ronald Wilcox

From: Ronald Wilcox <ronaldwilcox@mac.com>
Subject: **Rascon v. Checkcare, P signed joint letter**
Date: June 13, 2006 2:47:19 PM PDT
To: "Randel J. Campbell" <RCampbell@lgglaw.com>
Cc: Stacy Bardo <stacy@caclawyers.com>, Lance Raphael <lar@caclawyers.com>
1 Attachment, 156 KB  (Save ▼)



Dear Mr. Campbell,

Plaintiff has attached a signed version of the Joint Letter Re Discovery Dispute in pdf. You are authorized to file **this version**.

Please note, plaintiff will not join you in any attempt to file a document that violates Judge James' Standing Order
(prohibiting the filing of subpoenas/deposition notices as exhibits). Thus, your reference to such has been deleted.

Standing Order
Par 4. Prior to filing any discovery motion under Civil L. R. 7, or before requesting a telephonic discovery conference, counsel must meet and confer in person for the purpose of resolving all disclosure and/or discovery disputes. Thereafter, counsel shall draft and file a jointly signed letter which (1) attests that prior to filing the motion to compel the parties met and conferred in person on the unresolved discovery dispute; (2) sets forth the unresolved discovery dispute; and (3) states each party's position as supported by statutory and/or case law. Said joint letter shall be signed by both parties, shall be limited to five pages and may not be accompanied by exhibits or affidavits other than exact copies of disputed interrogatories, requests for production of documents and/or responses.

Sincerely,

Ronald Wilcox

FINAL join ltr...pdf (156 KB)

June 13, 2006

*via electronic filing & hand delivery*

Magistrate Judge Maria-Elena James  Case: *Rascon v. CheckCare Enterprises*
Courtroom B, 15th Floor                    USDC Case C06-00256 PJH
United States District Court          Re:   Discovery Dispute
450 Golden Gate Avenue,
San Francisco, CA  94102

Dear Judge James:

This is intended to be the jointly signed letter required by the Standing Order re: Discovery and Dispute Procedures for Cases Assigned or Referred To Magistrate Judge Maria-Elena James, which: (1) attests that the parties met and conferred; (2) sets forth the unresolved dispute and any pertinent factual background; and (3) states each party's position as supported by appropriate legal authority.

**CheckCare's statement of facts/position as supported by appropriate legal authority is as follows:**

The parties are in dispute regarding deposition subpoenas, issued in other districts and presumably served on two non-party witnesses, namely Huppman Enterprises d/b/a CheckCare Systems of South Florida in the Southern District of Florida (who on information and belief of CheckCare Enterprises is a defunct entity), and CheckCare Systems of Indiana in the Southern District of Indiana (Who has stipulated that this Court can decide the dispute). Both depositions were set for June 12, 2006, with the Florida deposition set for 10:30 AM Eastern Time, and the Indiana Deposition set for 2:00 PM Eastern Time.

This case was filed January 13, 2006. That same day, the court issued its Order Setting Initial CMC and ADR Deadlines. Pursuant to the order, the Rule 26(f) meet and confer was to take place by March 30, with Rule 26(f) disclosures and the CMC Statement due April 13. The initial CMC was set for April 20. None of this happened as anticipated. Instead, on March 22 CheckCare filed a Motion to Dismiss based on lack of personal jurisdiction, with the hearing on the motion set for April 19. At the request of plaintiff, on March 29 CheckCare re-noticed the Motion to Dismiss for hearing on May 17. This was to allow plaintiff time to conduct discovery on the jurisdiction issue.

On April 10, presumably in response to the Motion to Dismiss, the Court Clerk issued an order on the Court's own initiative continuing the initial CMC until June 1 - - - after the hearing on the Motion to Dismiss. On April 11, Plaintiff filed a motion for a protective order, and on April 12 Judge Hamilton issued ORDER OF REFERENCE TO MAGISTRATE JUDGE, referring Plaintiff's Motion for Document Protective Order and for all further discovery to a Magistrate Judge

To:     Magistrate Judge Maria-Elena James
Case:   *Rascon v. CheckCare Enterprises* USDC COURT CASE NO. C06-00256 PJH
Re:     Discovery Dispute
June 13, 2006
Page 2.

for resolution. Your Honor issued a NOTICE OF REFERENCE on April 13, which took Plaintiff's motion off calendar pending the meet and confer process and joint letter submittal required by the standing order. To date, plaintiff has not followed through with this process and the Motion for Protective Order remains off-calendar. On April 18 the parties conducted an ADR telephone conference, and agreed to mediation, if necessary, after the Court ruled on the Motion to Dismiss.

On April 21 plaintiff filed its First Amended Complaint, naming another party (CheckCare's only California franchisee: Goodstone Enterprises LLC). On May 10 CheckCare filed a Motion to Dismiss the First Amended Complaint, again for lack of personal jurisdiction. The hearing was set for June 21. As a result of this motion, CheckCare withdrew its previously filed Motion to Dismiss. On May 11, at the request of the Court, CheckCare re-noticed the Motion to Dismiss, moving the hearing to July 12. Subsequently the parties met and conferred and agreed that plaintiff was entitled to the deposition of a knowledgeable CheckCare witness on the issue of contacts with California, and it was agreed said witness would be produced for deposition on Friday, June 9. On May 25 the parties submitted CMC Statements, and in light of the pending Motion to Dismiss, the Court continued the initial CMC to August 17 - - - after the hearing on the Motion to Dismiss.

On May 30, this office received service of the two subpoenas that are disputed here. There had been no effort by plaintiff to meet and confer about these depositions prior to receiving the subpoenas. On Monday, June 5, this office initiated the meet and confer process regarding its objections to the two subpoenas by faxing a letter stating CheckCare's objections to Mr. Wilcox's office. Attorney Wilcox (for Rascon) and Attorney Dooling (for CheckCare) then met and conferred by telephone and then exchanged emails on Tuesday, June 6.

As a result of the meet and confer process, Attorney Wilcox agreed to take the out of district depositions off-calendar until such time as the Court ruled on CheckCare's objections to the subpoenas. In Attorney Wilcox's response of the exchange of emails, he also unilaterally took the June 9 deposition of the CheckCare deponent off-calendar.

CheckCare contends as follows:

1.    CheckCare has not appeared as a defendant in the case. The case is not at issue, and discovery is not open. CheckCare contends this Court does not have personal jurisdiction over CheckCare Enterprises LLC dba CheckCare Systems, which is a Kentucky company with its principal place of business in Kentucky, and a Motion to Dismiss on those grounds is pending and is set to be heard on July 12 at 9:00 AM in Courtroom 3, 17th Floor.

2.    Unless the parties agree or the Court orders otherwise, "a party may not seek discovery from any source before the parties have met and conferred" to discuss the nature of the case, a discovery plan and to arrange to make the required early disclosures. (FRCP 26(d) & (f)). Owing to the jurisdictional challenge here, CheckCare has not appeared in the case and the "Rule 26(f) meeting" has not taken place. CheckCare has not agreed to this discovery, and the Court has not ordered it. Therefore, these subpoenas violate FRCP 26(f).

To:     Magistrate Judge Maria-Elena James
Case:   *Rascon v. CheckCare Enterprises* USDC COURT CASE NO. C06-00256 PJH
Re:     Discovery Dispute
June 13, 2006
Page 4.

court to address these serious discovery issues. Until this matter arose, Defendant's counsel's practice has been to send faxes and e-mails and avoid phone contact to discuss discovery.

CheckCare contends this Court does not have personal jurisdiction over it. Therefore, Plaintiff's counsel has repeatedly indicated his need to proceed with discovery in multiple calls to Defendant's counsel. Now, in an effort to prevent discovery that will show the contacts CheckCare has with the State of California, Defendant claims that the parties have yet to meet and confer regarding discovery. A recent case is helpful to determine whether defendants can unilaterally stall the discovery process. In *Semitool, Inc. v. Tokyo Electron Amercia, Inc., et al.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002), the court stated:

> Judge Wilken has set the initial Case Management Conference for May 24, 2002. Therefore, pursuant to the Federal Rules, Plaintiff may begin propounding discovery requests upon Defendants, twenty-one days prior, on May 3, 2002, the date by which the parties are to confer in preparation for the conference. See Fed.R.Civ.P. 26(f).

The initial Case Management Conference in the instant action was set for April 20, 2006. Thus, the parties were to meet and confer twenty-one days prior, on or about March 30, 2006, and, as in *Semitool*, the Plaintiff could begin propounding discovery. The Defendant admits above that, "Pursuant to the order, the Rule 26(f) meet and confer was to take place by March 30, with Rule 26(f) disclosures and the CMC Statement due April 13. The initial CMC was set for April 20." In light of this order, the parties spoke on the phone several times, and exchanged e-mails in March and April 2006, including on or about March 30, 2006, and on many dates thereafter.

Indeed, on May 2, 2006, one of Plaintiff's attorneys, Lance Raphael, sent an e-mail to Defendant's counsel discussing this very issue, noting that Defendant was improperly trying to stall discovery, and indicating Plaintiff needed to proceed with third-party discovery.[1]

According to **Federal Rules of Civil Procedure Before Trial**, The Rutter Group, §3:224, "If a motion to dismiss is made plaintiff should consider propounding jurisdictional discovery, and certainly should seek such discovery if the defendant's declarations raise serious questions as to the jurisdictional facts. See *GTE New Media Services, Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1351 (D.C. Cir. 2000)." Furthermore, the venerable practice guide cautions defendants, and states: "Where there is a close question as to the jurisdictional facts it may be a good idea not to file an immediate motion to dismiss...because the court will be more likely to give the plaintiff the benefit of the doubt or allow discovery at the outset. Id., at §3:225.

---

[1]     Defendant's attempts to game the system and seek an unfair advantage are further evidenced by its: 1) filing a motion to dismiss without first conferring with Plaintiff, 2) unwillingness to stipulate to not modifying the current content of their website, and 3) unwillingness to move the motion to dismiss until the Court can decide these discovery issues.

To:     Magistrate Judge Maria-Elena James
Case:   *Rascon v. CheckCare Enterprises* USDC COURT CASE NO. C06-00256 PJH
Re:     Discovery Dispute
June 13, 2006
Page 5.

In the case at hand, a collection letter was received by the Plaintiff that stated it was from "Checkcare Systems," allegedly "The Leader in Check Collections," and that they had "OVER FIFTY OFFICES NATIONWIDE." Defendant Checkcare Systems argues that the letters were sent by a franchisee and not by Checkcare Systems. Plaintiff believes depositions of Checkcare Systems, and two non-party franchisees can lead to the discovery of admissible evidence regarding Checkcare System's authorization, acceptance, and/or approval of the deceptive letters being sent by franchisees, as well as the interactions between the franchisors, franchisees, and debtors they attempt to collect from, whether electronic or otherwise. Thus, Checkcare Systems, having filed a motion to dismiss on the basis of jurisdiction, should not be allowed to limit Plaintiff's ability to inquire into these issues, necessary to respond to Checkcare's pending motion to dismiss.

Since Checkcare Systems made it very clear it would move to quash any third-party discovery, Plaintiff's counsel advised Defendant's counsel that the Checkcare Systems deposition scheduled for June 8, 2006 should be continued while the issue was raised with the Court because Checkcare appeared to be prepared to refuse to answer questions relating to interactions with franchisees like the two subpoenaed.

Defendant contends the non-party subpoenas are burdensome and oppressive since they are set for the same day. Plaintiff intended these depositions to be held by telephone, just as the June 8, 2006 deposition noticed for Checkcare Systems was to occur. Even though counsel made this clear to Defendant's counsel in their June 6, 2006 telephone conversation, Defendant's ounsel still raises that red herring in its portion of this letter.

Defendant also suggests that there are procedural defects with the subpoenas. However, Fed. R. Civ. P. 45 states, "An attorney as officer of the court may also issue and sign a subpoena on behalf of ... (B) a court for a district in which a deposition or production is compelled by the subpoena, if the deposition or production pertains to an action pending in a court in which the attorney is authorized to practice."

Finally, Defendant admits Plaintiff can notice a subpoena of a non-party and *then* confer. I had my office fax a copy of the subpoenas to Defendant's counsel on May 25, 2006, ensuring that Defendant's counsel was well aware of the subpoenas. Plaintiff's counsel was also the one to initiate phone calls to attempt to resolve the discovery dispute prior to the drafting of this letter.

In essence, the real issue is whether Plaintiff should be allowed to conduct discovery pursuant to Rule 26, including discovery necessary to respond to Defendant's motion to dismiss. As stated by the authorities above, Defendant has opened the door to discovery. Therefore, Plaintiff requests that Defendant's objections to the third party subpoenas be denied, or the court should set a briefing schedule to resolve the above issues.

To:    Magistrate Judge Maria-Elena James
Case:  *Rascon v. CheckCare Enterprises* USDC COURT CASE NO. C06-00256 PJH
Re:    Discovery Dispute
June 13, 2006
Page 6.

Respectfully Submitted June 13, 2006,

_____
John Dooling, Esq.
Counsel for CheckCare Enterprises
dba CheckCare Systems

Respectfully Submitted June 13, 2006,    /s/Ronald Wilcox
_____
Ronald Wilcox, Esq.
Counsel for Gilberto Z. Rascon

RJC: ___

cc:    Ronald Wilcox, Esq.
       Lance Raphael, The Consumer Advocacy Center
       Gregory S. Berman, Esq.