UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GILBERTO Z. RASCON, on behalf of himself and all other similarly situated,

    Plaintiff,

    v.

CHECKCARE ENTERPRISES d/b/a CHECKCARE SYSTEMS, and GOODSTONE ENTERPRISES, LLC,

    Defendants.

_____/

No. C 06-0256 PJH

**ORDER DENYING MOTION TO DISMISS**

Defendant's motion to dismiss plaintiff's complaint for lack of personal jurisdiction came on for hearing before this court on July 12, 2006. Plaintiff Gilberto Z. Rascon ("Rascon") appeared through his counsel, Ronald Wilcox and Lance A. Raphael. Defendant Checkcare Enterprises ("Checkcare") appeared through its counsel, John Dooling. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, the court hereby DENIES defendant's motion, for the reasons stated at the hearing and as follows.

**BACKGROUND**

This case arises under the federal and state Fair Debt Collection Practices Act. Plaintiff filed his original complaint on January 13, 2006, naming defendant Checkcare as sole defendant. On April 21, 2006, plaintiff amended his complaint to include an additional defendant, Goodstone Enterprises ("Goodstone"), Checkcare's franchisee in California.

Plaintiff's amended complaint alleges: that plaintiff obtained a consumer pay-day loan from a payday lender in located in Redwood City, California; that defendants Checkcare and Goodstone were retained by the payday lender to collect on the account

after plaintiff had defaulted on the account; and that, to that end, defendants sent a letter to plaintiff attempting to collect on the account on January 14, 2005. See Amended Complaint, ¶¶ 16-19. Plaintiff alleges that the letter, which bore Checkcare letterhead, failed to comply with federal and state law because (1) the letter contained "implicit demands" for immediate payment coupled with an "imminent threat" to draft money from plaintiff's account, both of which overshadowed the remaining substance of the letter; and (2) the letter did not include a particular notification paragraph, as required under California law. See id. at ¶¶ 22, 25, 27.

Defendant Checkcare now moves to dismiss for lack of personal jurisdiction, on grounds that both general jurisdiction and specific jurisdiction are lacking.[1]

**DISCUSSION**

A.   Legal Analysis

On a motion to dismiss the complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant. See, e.g., Harris Rutsky & Co Ins. Serv., Inc. v. Bell & Clement Ltd., 328 F.3d 1122, 1128-29 (9th Cir. 2003).

In determining whether a court has personal jurisdiction over a defendant, the court first applies the forum state's long-arm statute and then considers whether its application comports with due process requirements. Core-Vent Corp. v. Nobel Industries AB, 11 F.3d 1482, 1484 (9th Cir. 1993). Here, California's long-arm statute authorizes the exercise of personal jurisdiction to the outer limits of federal due process.

Due process in turn requires that the non-resident defendant have sufficient minimum contacts with the forum state such that imposition of personal jurisdiction "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 315 (1945). The relationship between the defendant and the forum must be such that it is "reasonable . . . to require the corporation to defend the

---

[1]   Defendant Goodstone Enterprises, LLC is not a party to the instant motion.

particular suit which is brought there." Id. at 317.  In so determining, the court must obtain personal jurisdiction over the defendant in the form of either general or specific jurisdiction. Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408, 414 (1984).

If the court decides the motion to dismiss on declarations or other written discovery material alone, without holding an evidentiary hearing on the issue, "the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss.  That is, the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." Doe v. Unocal, 248 F.3d 915, 922 (9th Cir. 2001), quoting Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995).  Therefore, all disputed facts must be resolved in favor of the plaintiff, and plaintiff's version of the facts is accepted as true unless controverted. Unocal, 248 F.3d at 922 (citations omitted).  The court cannot, however, assume the truth of allegations in a pleading that is contradicted by a sworn affidavit.  See Data Disc, Inc. v. Systems Tech. Assoc., Inc., 557 F.2d 1280, 1289 n.5 (9th Cir. 1977).  The court must order preliminary discovery if it appears that plaintiff will need to develop the evidentiary record on jurisdictional issues.  See Wells Fargo & Co 3. v. Wells Fargo Express Co., 556 F.2d 406, 430 n. 24 (9th Cir. 1977).

B.    General Jurisdiction

General personal jurisdiction arises when a nonresident defendant's activities in the forum are so substantial, continuous, and systematic that due process does not require a connection between the cause of action pled and the nature of the defendant's activities in the state.  Hunt v. Erie Ins. Group, 728 F.3d 1244, 1245 (9th Cir. 1984).  The standard for establishing general jurisdiction is high and requires that defendant's contacts be of the sort that "approximate physical presence."  Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) (citations omitted).

Here, Checkcare is a Kentucky company with its principal place of business in Kentucky.  It has no office or branch in California, does not conduct business in California, and is not registered to do business in California.  See Declaration of Louis Pomerance in

3

Support of Defendant's Motion to Dismiss ("Pomerance Decl."). While it has a relationship with one franchisee located in California – Goodstone – under the terms of the franchisor-franchisee agreement in place between the two, Goodstone is an independent contractor owned separate and apart from Checkcare, with sole responsibility for making sure that any collection notices it sends out comply with federal, state and local law. See Pomerance Decl., ¶¶ 2, 5. In view of the high bar in place for finding that general jurisdiction exists, these facts, if uncontroverted, would normally go far in establishing the absence of general jurisdiction.

Plaintiff, however, directs the court's attention to defendant Checkcare's internet website, in which Checkcare advertises its electronic check processing services. See attachment to Declaration of Caesar Guerra ("Guerra Decl."). Checkcare's website boasts "over 40 offices nationwide" and provides an "Office Locator" function that enables users to "locate" Checkcare offices nearest to them. See id. When users utilize the office locator function in order to locate Checkcare's nearest California office, however, the website lists the address for Goodstone's office in Concord, California, without any accompanying information indicating that the office belongs to a franchisee, rather than to Checkcare itself. Id. In other words, Checkcare's own website holds Goodstone's California office out as its own, a fact that plaintiff argues supports general jurisdiction.[2]

Checkcare argues that its listing of Goodstone's office as its own constitutes mere "advertisement," and is part of the normal custom and practice between franchisor and franchisee. While this may ultimately prove to be the case, the court is sufficiently persuaded that, by introducing the Checkcare website into evidence, plaintiff has adequately set forth grounds to defeat defendant's motion and warrant further discovery on

---

[2] Plaintiff also points to the "interactive" nature of Checkcare's website in arguing for general jurisdiction. The court, however, does not find the website's interactive functions to be critical here, as it is undisputed that the website is not interactive as to plaintiff, who is an individual payee, or to others in plaintiff's position. Rather, the website's interactive feature – which Checkcare submits only allows one to view account activity, rather than conduct business online – is limited to business users of Checkcare's services.

4

the issue. For if, in fact, plaintiff can establish through discovery that Checkcare consistently held Goodstone out as its own branch office, via its normal practice and conduct with the franchisee or others in the state of California, this might sufficiently controvert Checkcare's testimony that Goodstone operates wholly independently from Checkcare, and establish that Checkcare's contacts with the state are continuous and systematic. See, e.g., Terracom v. Valley Nat'l Bank, 49 F.3d 555, 562 (9th Cir. 1995)(indicating that jurisdictional discovery is appropriate where party demonstrates how further discovery "would allow it to contradict" facts set forth in affidavits establishing no jurisdiction).

Accordingly, for the above reasons, the court declines at this juncture to grant defendant Checkcare's motion to dismiss on grounds that general jurisdiction is lacking, and grants plaintiff the right to conduct limited jurisdictional discovery on the issue.

C.   Specific Jurisdiction

In contrast with the requirements for general jurisdiction, specific personal jurisdiction requires a more limited three part showing: (1) that the non-resident defendant purposefully directed its activities toward residents of the forum state or otherwise established contacts with the forum state for purposeful availment of the privileges of conducting activities within the forum; (2) that plaintiff's cause of action arises out of or results from the defendant's forum-related conduct; and (3) that the forum's exercise of personal jurisdiction in the particular case would be reasonable. See Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1123 (9th Cir. 2002); see also Burger King v. Rudzewicz, 471 U.S. 462, 477-78 (1985). These requirements protect non-residents from being sued in foreign courts as a result of "random, fortuitous or attenuated contacts" over which they had no control. Burger King, 471 U.S. at 477-78.

The court notes, preliminarily, that it is not entirely clear what the specific nature of the contacts are that plaintiff relies on for specific jurisdiction. Plaintiff appeared to suggest, both in his papers and at the hearing on this motion, that both the January 14, 2005 debt

5

1 collection letter, and/or the franchise agreement itself provide the necessary minimum
2 contacts for specific jurisdiction.  Plaintiff argued that, while Checkcare may not have
3 actually mailed the January 14 letter – as Checkcare's sworn affidavit demonstrated –
4 Checkcare's contributions to the form of the letter, combined with the undisputed presence
5 of the Checkcare letterhead on the letter, and language in the franchise agreement stating
6 that all Checkcare form letters must be approved by Checkcare, are sufficient to establish
7 minimum contacts.

8     While the court might ultimately be persuaded, as Checkcare points out, that neither
9 the January 14 letter nor the franchise agreement can support the exercise of personal
10 jurisdiction, for the same reasons enunciated above with respect to the general jurisdiction
11 discussion, the court is satisfied here that plaintiff is entitled to further discovery before a
12 ruling on the specific jurisdiction issue may be had.  For if plaintiff demonstrates that
13 Checkcare's participation in the drafting of Checkcare form letters sent by Goodstone to
14 individuals is regular, or even that Checkcare directly participated in drafting the specific
15 January 14 letter at issue, plaintiff may be able to present a case in favor of specific
16 jurisdiction.  And since Checkcare cannot, on the basis of evidence currently before the
17 court, affirmatively refute the possibility that these facts may be true, it cannot prevail on its
18 motion to dismiss prior to the completion of jurisdictional discovery.

19     For these reasons, the court also declines to grant defendant Checkcare's motion on
20 grounds that specific personal jurisdiction is lacking, and grants plaintiff the right to conduct
21 limited jurisdictional discovery on the issue.

22     The court notes, however, that if plaintiff is to have a hope of establishing specific
23 jurisdiction after jurisdictional discovery is concluded, plaintiff will have to clearly state the
24 precise nature of the contacts that he is relying on, and satisfy all three prongs of the Ninth
25 Circuit's specific jurisdiction test.  For example, if plaintiff chooses to rely on the franchise
26 agreement, he must demonstrate how the suit in question arises out of that contact.  If, by
27 contrast, plaintiff chooses to rely on Checkcare's participation in the creation of the January
28

6

14 letter, plaintiff must demonstrate that Checkcare did more than simply approve the letter, but that Checkcare *directly* participated in its creation, drafting and/or mailing. Moreover, plaintiff must also articulate a legal theory that would allow the court to exercise jurisdiction over Checkcare as a non-resident defendant, on the basis of its relationship with Goodstone. While plaintiff's counsel alluded to the existence of a joint venture relationship between the two at the hearing on this matter, this would be insufficient post-discovery. Rather, plaintiff will have to actually articulate a valid legal theory, and prove its application to this case with factual evidence.

D. Conclusion

For the above reasons, defendant Checkcare's motion to dismiss for lack of personal jurisdiction is DENIED. Plaintiff is GRANTED the right to conduct limited jurisdictional discovery, which discovery shall be completed within 90 days of the date of this order.

The court further notes that its denial of defendant's motion is without prejudice to defendant, who may bring a motion to dismiss pursuant to 12(b)(2) within 15 days of the completion of jurisdictional discovery.

**IT IS SO ORDERED.**

Dated: August 1, 2006

PHYLLIS J. HAMILTON
United States District Judge

7